# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT A. TORRES,<br><br>                  Petitioner,<br><br>v.<br><br>C/O LARIOS, et al.,<br><br>                  Respondents. | Case No.: 20-CV-0724 JLS (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Gilbert Anthony Torres, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

In addition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. In the Petition, Petitioner claims that correctional officers used excessive force on him while he was in prison. (ECF No. 1 at 6.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C.

§ 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).

When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.  On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life or constitutional challenges to his arrest, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935.  It appears that Petitioner does not seek to challenge the fact or length of his custody.  Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## CONCLUSION

Because it appears that Petitioner does not seek to challenge the validity of his state court conviction, the Court **DISMISSES** the Petition without prejudice and with leave to amend.  If Petitioner wishes to challenge the conditions of his prison life, he must file a civil complaint pursuant to 42 U.S.C. § 1983 which will be given a separate case number. *The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank civil complaint form pursuant to 42 U.S.C. § 1983 together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated:  May 4, 2020

Hon. Janis L. Sammartino
United States District Judge